IN THE UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

APRIL NORTH o/b/o  PLAINTIFF
D. R. R.

v.   CIVIL NO. 09-2112

MICHAEL J. ASTRUE, Commissioner
Social Security Administration  DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action on behalf of D. R. R., a minor child, seeking judicial review pursuant to 42 U.S.C. § 405(g), of the decision of the Commissioner of the Social Security Administration (Commissioner), denying D. R. R.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act.

**I. Background:**

Plaintiff filed an application for SSI on D. R. R.'s behalf on February 4, 2005,[1] alleging that D. R. R. was disabled due to asthma, attention deficit hyperactivity disorder ("ADHD"), a tic disorder, and gastroesophageal reflux disease ("GERD"). (Tr. 48-49, 65, 120). An administrative hearing was held on January 25, 2007. (Tr. 232-249). D. R. R. was present and represented by council. (Tr. 419-462). At the time, D. R. R. was 10 years old and in the fourth grade. (Tr. 13, 48, 238, 239).

The Administrative Law Judge ("ALJ"), in a written decision dated July 20, 2007, found that although severe, D. R. R.'s asthma, ADHD, and tic disorder did not meet, medically equal, or functionally equal one of the impairments listed in 20 C. F. R. Part 404, Subpart P, Appendix 1. (Tr. 13-15). He concluded that D. R. R. had less than marked limitations in the areas of acquiring and

---

[1] Plaintiff had filed prior applications for benefits on D. R. R.'s behalf in 1998 and 2003, based on the same impairments. (Tr. 237).

using information, attending and completing tasks, and health and physical well-being. The ALJ also determined that D. R. R. had no limitations with regard to interacting and relating with others, moving about and manipulating objects, or caring for himself. (Tr. 15-21).

On July 17, 2009, the Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (ECF No. 1). Both parties have filed appeal briefs, and the matter is now ready for decision. (Doc. # 9, 10).

## II. Standard of Review:

The court's review is limited to whether the decision of the Commissioner to deny benefits to the plaintiff is supported by substantial evidence on the record as a whole. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996). Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Pearles*, 402 U.S. 389, 401 (1971). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996).

In determining the plaintiff's claim, the ALJ followed the sequential evaluation process, set forth in 20 C.F.R. § 416.924. Under this most recent standard, a child must prove that she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(c)(I); 20 C.F.R. § 416.906.

AO72A
(Rev. 8/82)

When passing the law, as it relates to children seeking SSI disability benefits, Congress decided that the sequential analysis should be limited to the first three steps. This is made clear in the House conference report on the law, prior to enactment. Concerning childhood SSI disability benefits, the report states:

> The conferees intend that only needy children with severe disabilities be eligible for SSI, and the Listing of Impairments and other current disability determination regulations as modified by these provisions properly reflect the severity of disability contemplated by the new statutory definition.... The conferees are also aware that SSA uses the term "severe" to often mean "other than minor" in an initial screening procedure for disability determination and in other places. The conferees, however, use the term "severe " in its common sense meaning.

142 Cong. Rec. H8829-92, 8913 (1996 WL 428614), H.R. Conf. Rep. No. 104- 725 (July 30, 1996).

Consequently, under this evaluation process, the analysis ends at step three with the determination of whether the child's impairments meet or equal any of the listed impairments. More specifically, a determination that a child is disabled requires the following three-step analysis. *See* 20 C.F.R. § 416.924(a). First, the ALJ must consider whether the child is engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). If the child is so engaged, he or she will not be awarded SSI benefits. *See id.* Second, the ALJ must consider whether the child has a severe impairment. *See* 20 C.F.R. § 416.924(c). A severe impairment is an impairment that is more than a slight abnormality. *See id.* Third, if the impairment is severe, the ALJ must consider whether the impairment meets or is medically or functionally equal to a disability listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). *See* 20 C.F.R. § 416.924(c). Only if the impairment is severe and meets or is medically or functionally equal to a disability in the Listings, will it constitute a disability within the meaning of the Act. *See* 20 C.F.R. § 416.924(d). Under the third step, a child's impairment is medically equal to a listed impairment

3

if it is at least equal in severity and duration to the medical criteria of the listed impairment. 20 C.F.R. § 416.926(a). To determine whether an impairment is functionally equal to a disability included in the Listings, the ALJ must assess the child's developmental capacity in six specified domains. *See* 20 C.F.R. § 416.926a(b)(1). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and, (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1); *see also Moore ex rel. Moore v. Barnhart*, 413 F.3d 718, 722 n. 4 (8th Cir. 2005).

If the child claiming SSI benefits has marked limitations in two categories or an extreme limitation in one category, the child's impairment is functionally equal to an impairment in the Listings. *See* 20 C.F.R. § 416.926a(d). A marked limitation is defined as an impairment that is "more than moderate" and "less than extreme." A marked limitation is one which seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)(2). An extreme limitation is defined as "more than marked", and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. Day-to-day functioning may be very seriously limited when an impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities. *See* 20 C.F.R. § 416.926a(e)(3).

**III. Discussion:**

Of particular concern to the undersigned is the ALJ's determination that D. R. R. had less than marked limitations in the areas of acquiring and using information and attending and completing tasks. Dr. Rick Harrison examined D. R. R. and completed a childhood disability

assessment. On the physical examination report, he stated that D. R. R.'s ability to get an education was impaired "off his medication." (Tr. 211, 217). Dr. Harrison then completed an assessment, indicating that D. R. R. would have marked limitations in the areas of acquiring and using information, attending and completing tasks, and health and physical well-being. (Tr. 218). However, it is not clear whether Dr. Harrison's assessment referred to D. R. R.'s condition without medication or whether he was simply stating that D. R. R. was not taking medication at the time of his assessment. And, the ALJ's opinion also fails to make clear how this assessment was interpreted by the ALJ. Given the fact that Dr. Harrison was the only doctor who examined D. R. R. and completed a childhood disability assessment, we believe that the ALJ should have re-contacted Dr. Harrison to clarify his assessment. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (holding that ALJ has a duty to seek clarification of crucial, undeveloped issues). Other evidence of record does indicate that D. R. R. suffered from borderline intellectual functioning, experienced social isolation due to his tic disorder, experienced some difficulty understanding and following instructions, experienced difficulty in classes at school, and experienced difficulty staying on task. (Tr. 61, 102-104, 105-112, 113, 137-140, 185, 196-200, 224). Therefore, we believe remand is necessary to allow the ALJ to develop the record further concerning D. R. R.'s limitations. On remand, the ALJ is directed to re-contact Dr. Harrison to clarify whether his assessment referred to D. R. R.'s condition while taking medication.

We also note that the ALJ used Dr. Harrison's assessment in concluding that D. R. R. had a severe impairment, but failed to discuss his conclusions regarding limitations in the areas of acquiring and using information and attending and completing tasks. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider

5

the whole record). He acknowledged Dr. Harrison's conclusion that D. R. R. had marked limitations in the area of health and physical well-being and then dismissed it, stating that the record as a whole did not support it. However, he failed to mention Dr. Harrison's other findings when discussing D. R. R.'s limitations in those areas. It is confusing to the undersigned how Dr. Harrison's assessment could be utilized for the purposes of concluding that D. R. R.'s impairments are severe, yet lack credibility to be considered in the ALJ's analysis of D. R. R.'s level of functioning. As such, on remand, the ALJ is directed to consider Dr. Harrison's complete assessment, including the clarifying information requested, and to explain what weight, if any, is given to each of his findings. *See Holmstrom v. Massanari,* 270 F.3d 715, 720 (8th Cir. 2001) (Whether the ALJ gives great or small weight to the opinions of treating physicians, the ALJ must give good reasons for giving the opinions that weight). If the ALJ concludes Dr. Harrison's assessment is not entitled to any weight, then an explanation should follow.

### III. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of September 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE