IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

APRIL NORTH o/b/o
D. R. R.                                                    PLAINTIFF

          v.                          CIVIL NO. 09-2112

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                             DEFENDANT

### MEMORANDUM OPINION AND ORDER

        Plaintiff, April North, appealed the Commissioner's denial of benefits to this court.  On

September 16, 2010, an Order  was entered remanding the case pursuant to sentence six of 42

U.S.C. § 405(g).  ECF No. 12.  On December 7, 2010, plaintiff filed a motion for attorney's fees

and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA")

requesting $3528.96 for 15.45 attorney hours in 2009 at a rate of $172.00 per hour, 4.90 attorney

hours in 2010 at a rate of $174.00 per hour, and $18.96 in expenses.  ECF No. 13.  The defendant

has filed a response to plaintiff's voicing objections to the total number of hours requested by

counsel.  ECF No. 15.

        Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

the government's denial of benefits.  *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  The

Commissioner filed a response expressing no objection to counsel's entitlement to fees pursuant

to the EAJA.  The court construes this lack of opposition to the award of a reasonable fee as an

admission that the government's decision to deny benefits was not "substantially justified."

Therefore, we find plaintiff to be a prevailing party in this matter.

AO72A
(Rev. 8/82)

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.  *Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D.Ohio 1985)*.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *Id.  See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved.  *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit.  *Pierce v. Underwood,* 487 U.S. 552, 573 (1988).  The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand

2

counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be

increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index.

In this case, counsel has attached a summary of the Consumer Price Index as an exhibit and presented evidence of an increase in the cost of living. The court agrees with counsel that a cost of living increase is appropriate. We find that an award based upon an hourly rate of $174.00 per hour, reflecting an increase in the cost of living, is appropriate in this instance. *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990). Thus, counsel will be awarded $174.00 per hour for all work performed before this Court.

We have reviewed counsel's itemization of time appended to plaintiff's application. Plaintiff has requested .50 hours for filing the complaint, application to proceed in forma pauperis, and summons with the clerk and .30 hours for mailing the certified letters and summonses. We find that the filing of documents is a task that could have easily been performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore, we recommended deducting .80 attorney hours for the total number of compensable hours.

Counsel also seeks 13.50 hours for reviewing the 249 page administrative record, drafting, editing, and completion of Plaintiff's six page appeal brief. Accordingly, we find the time requested to be excessive for the preparation of the brief in this case. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). There were no unique or complex issues to be developed in this particular case, and Counsel frequently represents social security plaintiff's before this

4

court and should be well versed in social security law.  Therefore, we will reduce counsel's total number of compensable hours by 2.50.

In addition, counsel requests reimbursement for 2.00 hour for preparing the EAJA motion and supporting documentation.  Again, we find the time requested to be excessive for the task perform.  *Id.*  Accordingly, we will deduct .50 hours for the total number of hours awarded.

Finally, counsel seeks reimbursement for $18.96 in expenses incurred.  Such expenses are recoverable under the EAJA, and we find $18.96 to be a reasonable award.  *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we will award plaintiff attorney fees under the EAJA for: 16.55 (20.35-3.80) attorney hours, at the rate of $174.00 per hour and $18.96 in expenses for a total fee award of $2898.66.  This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties should be reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Further, the Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney.  *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010).  Therefore, any EAJA award by this Court should be made payable to plaintiff and not plaintiff's counsel.

Dated this 7th day of February 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)